## METROPOLITAN CASUALTY INS. CO. *v.* LIGHTSEY.

### [76 South. 729, Division B.]

INSURANCE. *Casualty insurance. Breach of warranty. Condition of health.*

> In this case, which was a suit upon a policy of casualty insurance to recover the indemnity provided for the complete fracture of two or more ribs the court held that the evidence set out in the statement of facts herein was not sufficient to sustain the defense of a breach of warranty that insured was physically sound, materially affecting the risk, when at the time of his application, he had a chronic heart trouble.

APPEAL from the circuit court of Jones county. Hon. P. B. JOHNSON, Judge.

Suit by T. Nolan Lightsey against the Metropolitan Casualty Insurance Company. From a judgment for plaintiff, defendant appeals.

Appellee, as plaintiff in the court below, sued upon a policy of casualty insurance to recover the indemnity provided "for the complete fracture of two or more ribs." From a judgment in favor of the plaintiff, the defendant prosecutes this appeal, contending in its assignment of errors that the court erred in refusing to grant a peremptory charge in favor of the defendant, and also in the principal instruction given the plaintiff. Mr. Lightsey was the local manager of the Standard Oil Company in the city of Laurel. The policy was the combination health, accident, and life policy usually written by appellant, and this particular policy was written through a local agency at Laurel. There is no question about the good faith of the plaintiff in taking out the insurance, but the contention is that certain warranties in the policy were breached. The policy makes the application a part of the contract; the provision being:

"A copy of the application indorsed hereon is hereby made a part of the contract. . . . This policy shall be void if any of the statements in the application are false, and such false statements are made with intent to deceive, or if such false statements materially affect either the acceptance of the risk or the hazard assumed by the company."

Among other things stated in the application is the following:

"I am sound and whole mentally and physically, . . . nor have I ever been subject to any chronic disease."

At the time the application was taken there was no medical examination, and, indeed, no examination whatever was required. While the policy was in force, Mr. Lightsey was kicked by a mule, and had, according to his testimony, two ribs fractured. There is no dispute in the testimony that while the plaintiff was attending to his office duties he was called on the outside to examine a mule, which the veterinary had been treating, and while the plaintiff was examining the mule he was so unfortunate as to receive a kick from the unruly animal. There is sharp conflict in the testimony as to whether the two ribs were in fact broken. The court confined the jury to the sole issue "whether or not the plaintiff sustained two fractured ribs by virtue of his accident," and declined to give appellant a peremptory instruction. Liability is denied by appellant on the theory that the plaintiff had a chronic heart trouble at the time the application was signed and the policy delivered, and that therefore the warranty of sound health and freedom from chronic disease had been breached, and the policy is void.

*R. L. Bullard,* for appellant.

*M. W. Boyd* and *S. Freeman,* for appellee.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). In the decision of this case we need not discuss the difference between representations and warranties in a application for insurance or the consequences of a breach of a promissory warranty. Here the company undertakes to defend by showing that the plaintiff was suffering from an organic heart trouble. In the attempt to establish its defense, it introduced the mother of the plaintiff and Dr. McCormick, a physican. The mother, Mrs. Lightsey, testified that her son had a spell of typhoid fever when he was ten years old, and that "just twice since that time there appeared to be something wrong with his heart;" but the witness was careful to add, "I could not tell whether it was his heart or not, but I think it was." This was the only testimony of the mother tending to prove heart disease. Dr. McCormick testified that at the request of appellant he examined the plaintiff August 14, 1915, after the injury sued for, and made an X-ray examination of the ribs. Most of the testimony was directed to the issue as to whether there was a fracture of the ribs, but this witness did state that Mr. Lightsey at that time had a leaky valve in his heart and enlarged lymphatic glands in the chest. He was then asked: "Could you state from the examination you made then, whether or not his heart was affected on the 1st of April that year?" His answer was: "I would think so; yes." The witness at another point reiterated his opinion that Lightsey had heart trouble at the time the insurance was written.

There is no testimony that the plaintiff knew, or was ever conscious of the fact, that he had any heart trouble, or that his heart was failing to perform its usual normal functions. There is no medical testimony as to the condition of the plaintiff before or at the time the application was signed. If the plaintiff had any organic heart disease at he time he made application for the insur-

ance, he was ignorant of that fact. But the proof is insufficient to establish with satisfaction the alleged breach of warranty. It is manifest from an inspection of the record that the contention of counsel and witnesses was directed in the main to the inquiry whether the plaintiff sustained a fracture of the ribs. On this point the evidence was in sharp conflict, and this conflict has, by the verdict of the jury, been solved in favor of the plaintiff. Conceding that the scant evidence in reference to an alleged organic heart trouble was competent, we are impressed with the belief that the court would not have permitted a verdict for the defendant, based on this evidence, to stand. *Metropolitan Casualty Ins. Co.* v. *Cato,* 13 Miss. 283, 74 So. 118.

*Affirmed.*